Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR07-327RSM |
| Plaintiff, | |
| v. | UNITED STATES' SENTENCING MEMORANDUM |
| MANDEEP RANGA, | |
| Defendant. | Sentencing Date: 7/13/2012 |

Comes now the United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Sarah Y. Vogel, Assistant United States Attorney, and hereby files its Sentencing Memorandum in this case. Sentencing is scheduled for July 13, 2012.

## Background

*I.  Agreed Facts*

As stipulated in the Plea Agreement, beginning in early 2006, and continuing until March 10, 2007, Defendant Mandeep Ranga knowingly entered into an agreement with at least one other person to transport MDMA, a controlled substance, across the international border from Canada into the United States, with the intent that those drugs be re-distributed to others, for profit. Specifically, in furtherance of this conspiracy, on more than one occasion during this time period, Ranga arranged for the transportation of several thousand MDMA tablets from Canada to his conspirator in Western Washington at a price of $1 per pill. That conspirator then

GOVERNMENT'S SENTENCING MEMORANDUM /
*U.S. v. Mandeep Ranga*; CR07-327RSM  – 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

re-sold the MDMA to others in Western Washington, and Ranga received payment from this conspirator for the MDMA. This all would be established through the testimony of the conspirator and others, and through recorded telephone calls involving Ranga in March of 2007, after which Ranga sent a friend to pick up money owed to him for a prior drug shipment.

The evidence would establish that this conspiracy involved a quantity of MDMA that is not known exactly, but estimated to be at least 10,000 tablets.

## II.   Procedural History

Ranga was indicted for this conduct in September of 2007. The United States submitted a request to Canada seeking his extradition in November of 2007, which Ranga opposed. Ranga initially was arrested in Canada in connection with the extradition in October of 2008, and then released on bail. He was re-arrested briefly in 2011 and, again, released on bail. Finally, he was taken into custody in Canada in anticipation of extradition in February of 2012. He then consented to his transfer to the United States, which occurred on April 24, 2012. He has been detained in the U.S., meaning that he served a total of nearly seven months in custody in connection with this offense.

### Plea Agreement

Shortly after arriving in the United States, Defendant Ranga entered a guilty plea to: Conspiracy to Import MDMA, as charged in Count 1, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), 960(b)(3), and 963.

The Plea Agreement included the following stipulations regarding sentencing:

  a.   An initial base offense level of 26, corresponding to a quantity of MDMA that converts, pursuant to USSG § 2D1.1(c), to an equivalent of least 100 kg but less than 400 kg of marijuana.

  b.   Full credit for acceptance of responsibility, subject to the conditions discussed in the paragraph entitled Acceptance of Responsibility, below.

The parties agree they are free to argue the application of any other provisions of the United States Sentencing Guidelines. In connection with any argument regarding application of other Guidelines provisions, the parties agree they are not limited to just those facts included above. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

GOVERNMENT'S SENTENCING MEMORANDUM /
*U.S. v. Mandeep Ranga*; CR07-327RSM  – 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

Plea Agr. ¶ 9. In addition, paragraph 11 of the Plea Agreement provides as follows:

> <u>Sentence Recommendation</u>. Conditioned upon Defendant's consent to extradition and his stipulation to his pretrial and pre-sentencing detention upon arrival in the United States, the United States acknowledges and agrees that the appropriate sentence of imprisonment to be imposed by the Court at the time of sentencing should be equal to the time Defendant has served in custody in Canada and the United States on this matter. The parties understand that this recommendation is not binding upon the Court.

The Plea Agreement also includes a standard, limited appeal waiver. Plea Agr. ¶ 14.

### Statutory Minimum and Maximum

The statutory maximums are: a term of imprisonment of up to twenty years; and a fine of up to $250,000.00; and a period of supervision following release from prison of at least three years; and a one hundred dollar ($100.00) special assessment. Title 21, United States Code, Sections 952(a), 960(a)(1), 960(b)(3), and 963. There is no applicable mandatory minimum. *Id.*

### Guidelines Calculations

The government respectfully disagrees with the United States Sentencing Guidelines as set forth in the Presentence Report ("PSR"). The United States believes the correct base offense level, calculated using the average tablet size from the seizure of MDMA from co-conspirator Dylon Marler of 37.5 mg, is Level 26. With full credit for acceptance of responsibility, the total offense level should be 23. At criminal history category I, the applicable Sentencing Guidelines range is 46 to 57 months' imprisonment.

### Sentencing Recommendation and Justification

As stipulated in the Plea Agreement, the United States recommends that the Court impose a custodial sentence equivalent to the time Ranga already has served in this matter. This sentence, while unusual, is justified in this case in light of the significant problems that have developed with the Government's key witness over the years Ranga' extradition was pending, as discussed in the PSR. *See* PSR ¶¶ 6-8. Significantly, none of these problems are traceable, directly or indirectly, to Ranga.

Ranga is a Canadian national who has no known prior convictions and will be deported upon completion of his sentence. He has no history of similar drug trafficking conduct in the five years since the underlying incident. With this felony drug trafficking conviction, he will be

GOVERNMENT'S SENTENCING MEMORANDUM /
*U.S. v. Mandeep Ranga*; CR07-327RSM – 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1  unable to travel into the United States without special permission.  While the nature of Ranga's
2  offense conduct normally would dictate a much more serious penalty, the United States was
3  forced to confront the reality of its case as it exists today.  In light of these unique factors, the
4  recommended sentence is justified.

**Forfeiture, Restitution, and Fines**

The United States agrees that Defendant does not have the financial ability to pay any fine, but he must pay the mandatory $100 Special Assessment.  There is no pending forfeiture.

**Waiver of Appeal**

As part of the Plea Agreement and "on the condition that the Court imposes a sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) that is determined by the Court at the time of sentencing," Defendant has waived many of his appeal rights.  Plea Agr. ¶ 14.  The United States requests that he be so advised after imposition of sentence.

Dated this 6th day of July, 2012.

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

*s/Sarah Y. Vogel*
SARAH Y. VOGEL
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: 206-553-2074
Fax:   206-553-4440
E-mail: sarah.vogel@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM /
*U.S. v. Mandeep Ranga*; CR07-327RSM  – 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2012 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*s/Karen Wolgamuth*
KAREN WOLGAMUTH
Paralegal
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-5050
FAX:   (206) 553-4440
E-mail: karen.wolgamuth@usdoj.gov

*U.S. v. Mandeep Ranga*; CR07-327RSM  – 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970