HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR07-327RSM |
| Plaintiff, | DEFENDANT'S SENTENCING MEMORANDUM |
| vs. | |
| MANDEEP RANGA, | Sentencing Date: 7/13/2012 |
| Defendant. | |

## I. INTRODUCTION

Sentencing in this matter is currently set for 10:30 a.m. before this Honorable Court on Friday, July 13, 2012. The government is represented by Assistant U.S. Attorney Sarah Y. Vogel. C. James Frush represents the defendant. Senior United States Probation Officer Richard B. Cowen prepared the Presentence Report.

Consistent with the plea agreement, and for the reasons stated by the respective parties, the government, the defendant, and the probation department all recommend a sentence of time served.

DEFENDANT'S SENTENCING
MEMORANDUM- 1
[CASE NO. CR07-327RSM]

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

## II. FACTUAL BACKGROUND

Some half dozen years ago, Defendant Mandeep Ranga served as a middle man in a larger conspiracy to import MDMA from Canada to the United States. Mandeep's activities were limited to Canada. While there are stipulated and agreed facts in the plea agreement, the actual underlying facts are a bit hazy due to the passage of time and the involvement of Mandeep's co-defendant, Dylan Marler, who as noted by probation, was a "prodigious liar." Sentencing Recommendation p.2.

It was well documented in the Presentence Report, and as mentioned in the Probation Presentence Recommendation, Mandeep comes from a loving, pro-social family, and has an excellent work history, no prior criminal history in this country or in Canada, and clearly was acting in aberration from his family's standards and moves and, ultimately, his own.

The defendant has been in some form of restricted status for about four years since his initial arrest on these charges in Canada in 2008. House arrest was imposed by both the Canadian courts and with much stricter measures by Mandeep's father. In addition, by the time this matter comes before this Honorable Court for sentencing, Mandeep will have served 217 days in actual lockdown imprisonment custody here and in Canada.

This entire process has required Mandeep to put his life "on hold" for the last four years. It has brought shame to him and to his family, the latter reality a greater punishment in many ways than anything else that happens in these proceedings. These proceedings have negatively impacted Mandeep's primary relationship with the mother of his children and he is hopeful that a speedy conclusion to this case will allow him to return to Canada as soon as possible with the hopeful possibility of ultimately reuniting with his children and their mother. He also hopes to help care for his ailing mother.

DEFENDANT'S SENTENCING
MEMORANDUM- 2
[CASE NO. CR07-327RSM]

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

### III. GUIDELINE CALUCLATION

The defendant agrees with the government that the offense level in this matter, calculated using the average tablet size from the seizure of the MDMA from a co-conspirator, is level 26. With acceptance for responsibility, the total offense level should be 23. At Criminal History Category I, the applicable sentencing guideline range is 46-57 months imprisonment.

### IV. APPLICATION OF THE FACTORS IN 18 USC § 3553(a)

Today, the sentencing guidelines are merely advisory. Application of the factors under 18 USC § 3553(a) underscores the appropriateness of a time served sentence in this matter, as agreed to by the parties and recommended by probation.

The nature and circumstances of the offense are that Mandeep was simply a middleman in a youthful and foolish scheme by young Americans to import MDMA into the United States. While his co-defendant, Dylan Marler, is many things, he is also a very charismatic and manipulative personality who fooled the DEA and other authorities into thinking he was a major drugpin. Marler and Mandeep were friends and socialized together with their respective girlfriends. Application of the old adage that "bad company is bad luck" certainly applies in this case. Against his traditional upbringing, Mandeep was drawn into Marler's schemes. Now Mandeep takes full responsibility for his own participation and, the particular circumstances of his involvement merit consideration.

The history and characteristics of the defendant also justify a time served sentence in this matter. As noted, this offense was much out of character of both the defendant and the family with which he is so integrated.

A time served sentence would reflect the seriousness of the offense because time served not only reflects the 217 days in actual lockdown custody but also the over 1000 days served on a

DEFENDANT'S SENTENCING
MEMORANDUM- 3
[CASE NO. CR07-327RSM]

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

confined house arrest status. Such a sentence would also help promote respect for the law as its particular impact on this defendant has been significant for the last four years. Deportation and bar from travel in the future to the United States also provides "just punishment" for the offense.

This sentence of time served would also serve as adequate deterrents, obviously to this particular defendant, but more importantly to the community at large and also to those in Canada who have been kept apprised of the progress of this case. As noted, this matter has been publicized in the Vancouver community to which Mandeep and his family belong.

While a sentence of time served does not particularly provide educational or vocational treatment it could be argued that it provides "correctional treatment" in the "most effective manner" as it returns Mandeep to his community and allows him to try to pull together the threads of his life after they have been placed in limbo during the last four years.

A sentence of time served in this matter does not constitute unwarranted sentence disparity among the defendants. There are tremendous differences between Mandeep and his co-defendants, particularly Dylan Marler. The statue only cautions against an "unwarranted" disparity. Any disparity that exists here is certainly warranted under the nature and circumstances not only of Mandeep's situation but of the co-defendants' situations, all of which are of their own doing.

### V.   LETTERS OF SUPPORT

It is anticipated that letters of support will be filed prior to the sentencing in this matter.

### VI.   CONCLUSION

For all the reasons contained in the plea agreement, the sentencing memorandums of the respective parties, the Presentence Report and the Sentencing Recommendation by the Probation

DEFENDANT'S SENTENCING
MEMORANDUM- 4
[CASE NO. CR07-327RSM]

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

Department, is respectfully submitted to this Honorable Court that a sentence of time served, for all the reasons discussed, is most appropriate.

### VII.   STATEMENT OF DEFENDANT

The statement of defendant is attached to this memorandum and is also attached to the final Presentence Report.

### VIII.   OBJECTIONS TO PRESENTENCE REPORT

The defendant made some comments and suggestions to the Presentence Report which have been sufficiently incorporated such that the defendant has no further objections as to the final Presentence Report.

Respectfully submitted this 9th day of July, 2012.

s/C. James Frush
C. James Frush, WSBA 7092
Cable Langenbach Kinerk & Bauer LLP
1000 Second Avenue, Suite 3500
Seattle WA 98104
206.292.8800 – Telephone
206.292.0494 – Facsimile
jfrush@cablelang.com
Attorneys for Defendant

DEFENDANT'S SENTENCING MEMORANDUM- 5
[CASE NO. CR07-327RSM]

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 9, 2012, I electronically filed the foregoing with the Clerk of the Court by the CM/ECF System which will send notification of such filing to those registered to receive electronic notices by email transmission at the email addresses provided.

Sarah Y. Vogel
Assistant United States Attorney
Email: Sarah.Vogel@usdoj.gov
Attorneys for Plaintiff

        s/Katy Albritton
Katy Albritton, Legal Assistant
Cable Langenbach Kinerk & Bauer LLP
1000 Second Avenue, Suite 3500
Seattle WA 98104
206.292.8800 – Phone
kalbritton@cablelang.com

DEFENDANT'S SENTENCING
MEMORANDUM- 6
[CASE NO. CR07-327RSM]

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800